# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10492
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2014

Lyle W. Cayce
Clerk

JERRY BOB FREEMAN,

Plaintiff-Appellant

v.

LESLEY SIMS; MATHEW LANG; JOSEPH BOYLE,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:10-CV-12

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jerry Bob Freeman, Texas prisoner # 671030, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint filed against three correctional officers of the Allred Unit, Lesley Sims, Mathew Lang, and Joseph Boyle. In the complaint, Freeman alleged that Sims and Lang had violated his Eighth Amendment right by using excessive force in transporting him to another cell. Additionally, he asserted that Lang and Boyle violated his due process rights

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in connection with a disciplinary proceeding.  The district court first dismissed Freeman's claim against Boyle.  Lang and Sims filed a motion for summary judgment based on qualified immunity.  The district court granted the motion and dismissed Freeman's complaint.

Freeman does not address the district court's dismissal of his claim against Boyle on the ground that it was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  Though he addresses the district court's dismissal of his claim challenging the disciplinary conviction, Freeman frames the issue as a challenge to the district court's dismissal of his claim challenging a false disciplinary action.  He did not charge Boyle with falsely accusing him.  Rather, he claimed that Boyle violated his due process rights by failing to admit the video into evidence at the disciplinary proceeding.  Because Freeman fails to raise any argument regarding the dismissal of his claim against Boyle, this claim is abandoned.  *See Brinkmann v. Dallas County Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

We review de novo a grant of summary judgment, applying the same standard as the district court.  *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011).  When, as here, the defendant officials plead qualified immunity, the plaintiff has the burden of rebutting the defense by establishing a genuine dispute as to whether the official's conduct violated a constitutional right of the plaintiff and whether that right was clearly established at the time of the violation.  *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).

Although we review evidence in the light most favorable to the nonmovant, this court assigns "greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene." *Carnaby v. City of Houston,* 636 F.3d 183, 187 (5th Cir. 2011).  "A court of appeals need not rely on the plaintiff's description of the facts where the record discredits

that description but should instead consider 'the facts in the light depicted by the videotape.'" *Id.* (quoting *Scott v. Harris*, 550 U.S. 372, 381 (2007)).

Freeman argues that the district court erred in granting summary judgment because the decision was based on the court's credibility determinations, and he further contends that the DVD recording was altered. While the recording appears unfocused for the first two minutes, the behavior and actions of both the officers and Freeman can be evaluated by viewing the recording. His argument that the DVD was altered is conclusory, speculative, and insufficient to show that the district court erred in granting summary judgment. *See Carnaby*, 636 F.3d at 187.

Freeman also contends that summary judgment was inappropriate because there were genuine disputes as to material facts. Specifically, he challenges the district court's conclusion that chemical agents were administered after he refused to submit to restraints. He contends that he was not resisting during his transport and did not persist in aggressive behavior. Further, Freeman argues that he was not provided with the means to decontaminate and that the district court ignored his assertion that Lang pinned him to the ground and punched him in the face.

In light of the video evidence and Freeman's own admissions, there can be no genuine dispute that Freeman refused to comply with orders prior to the administration of chemical agents by the defendants, that the actions of Lang and Sims were objectively reasonable under the circumstances, and that Freeman was instructed on how to decontaminate and provided with the means to do so. *See Carnaby*, 636 F.3d at 187. Based on Freeman's refusal to comply with orders and aggressive behavior, there was need for application of force, the degree of force used was in relation to Freeman's escalating aggression, the threat was reasonably perceived, and the officers used only the

No. 13-10492

amount of force necessary to regain control of the situation. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Thus, the district court did not err in granting summary judgment and dismissing Freeman's claims of excessive force. *See Brown*, 623 F.3d at 253.

Additionally, Freeman challenges the dismissal of his claim against Lang alleging that Lang filed a false disciplinary action. He asserts that *Heck* does not bar relief on this claim because there was no finding that a judgment in his favor would necessarily imply the invalidity of his disciplinary conviction. He further argues that his disciplinary conviction would not be reversed if he received damages because the burden of proof in disciplinary proceedings is "some evidence," even if such evidence is false.

Contrary to Freeman's assertions, his claim of false charges, if credited, necessarily implies the finding of guilt and punishment for the violation, which included the loss of good-time credits. Because Freeman did not show that the disciplinary decision had been overturned, the district court did not err in dismissing this claim. *See Brown*, 623 F.3d at 253; *Edwards v. Balisok*, 520 U.S. 641, 648-49 (1997).

Accordingly, the judgment of the district court is AFFIRMED.