# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10968
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2019

Lyle W. Cayce
Clerk

MICHAEL BAZAN,

Plaintiff-Appellant

v.

ROBERT WHITFIELD, of Yoakum County Sheriff Department, Plains, Texas;
KELLY WILLIAMSON, of Yoakum County Sheriff Department, Plains, Texas,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:15-CV-185

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Michael Bazan, Texas prisoner # 1467471, proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Robert Whitfield and Kelly Williamson, each an officer with the Yoakum County Sheriff's Department. He claims that, in May 2014, Williamson conducted an unconstitutional search of his vehicle. In a separate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

incident occurring in September 2014, he claims that Whitfield employed excessive force when his vehicle struck Bazan during the course of a traffic stop immediately following a high-speed pursuit.

Whitfield and Williamson moved for summary judgment, arguing that there was no genuine issue of material fact that their actions did not rise to the level of constitutional violations and that they were protected by qualified immunity. They submitted videotapes, declarations, incident reports, witness statements, and photographs in support of their contentions. Bazan opposed their motion. In support of his claims, Bazan submitted a sworn declaration and answers to a questionnaire issued by the magistrate judge. The district court granted the defendants' summary judgment motion and dismissed Bazan's complaint.

We review de novo the district court's summary judgment ruling. *Hyatt v. Thomas*, 843 F.3d 172, 176 (5th Cir. 2016). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if the summary judgment evidence is such that a reasonable jury could return a verdict for the [non-movant]." *Hyatt*, 843 F.3d at 177 (internal quotation marks and citation omitted). We "review evidence in the light most favorable to the nonmoving party, but conclusional allegations and unsubstantiated assertions may not be relied on as evidence by the nonmoving party." *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).

Bazan claims that Williamson's warrantless search of his vehicle during the course of the traffic stop in May 2014 was unconstitutional because Williamson did not have probable cause. However, the uncontroverted summary judgment evidence showed that Williamson smelled marijuana

emanating from the vehicle, which provided him with sufficient probable cause to conduct a warrantless search. *See United States v. Reed*, 882 F.2d 147, 149 (5th Cir. 1989); *United States v. Villarreal*, 565 F.2d 932, 937 (5th Cir. 1978). Accordingly, there is no genuine issue of material fact that Williamson's search of the vehicle did not violate Bazan's constitutional rights.

Regarding the incident that occurred in September 2014, the dashcam video submitted by Whitfield, which is corroborated by other evidence, shows that Bazan was driving a vehicle that committed a traffic violation, and Whitfield activated his emergency lights to conduct a traffic stop. Instead of pulling over, Bazan's vehicle increased to a high rate of speed, and Whitfield pursued it. After a high-speed pursuit that lasted approximately 30 seconds, Bazan suddenly stopped his vehicle. In quick sequence, as Whitfield's vehicle approached the driver's side of Bazan's vehicle, Bazan opened his driver's side door and exited his vehicle; Whitfield's car then struck him. Bazan claims that when he exited his vehicle, he raised his arms in an attempt to surrender and that Whitfield had plenty of time to stop but intentionally hit him instead.

On their face, Bazan's version of events appear to create a factual dispute; however, in light of the dashcam video, his version is "so utterly discredited by the record that no reasonably jury could have believed him." *Scott v. Harris*, 550 U.S. 372, 378 (2007). Bazan's speculative and unsubstantiated allegations that the dashcam video was somehow doctored or altered are insufficient to create a material fact. *See Waddleton v. Rodriguez*, __F. App'x__, 2018 WL 4292175, *4 (5th Cir. Sept. 7, 2018); *Freeman v. Sims*, 558 F. App'x 412, 413 (5th Cir. 2014). Because the dashcam video establishes that Whitfield did not intentionally strike Bazan, Bazan cannot establish a claim for the unconstitutional use of excessive force. *See Young v. City of Killeen, Texas*, 775 F.2d 1349, 1353 (5th Cir. 1985); *cf. Kingsley v. Hendrickson*,

No. 17-10968

135 S. Ct. 2466, 2472 (2015) (accidental discharge of a taser or accidentally falling on a detainee is not excessive force).

Based on the foregoing, Bazan has not raised a genuine issue of material fact regarding whether his constitutional rights were violated. The district court's judgment granting summary judgment to the defendants and dismissing Bazan's complaint is hereby AFFIRMED. Bazan's motion for appointment of counsel is DENIED.