# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2022

Lyle W. Cayce
Clerk

No. 21-40211
Summary Calendar

MICHAEL SHEMOND WHITE,

*Plaintiff—Appellant*,

*versus*

COFFIELD MEDICAL STAFF; JOHN ELLIS; OFFICE OF ATTORNEY GENERAL; RN LINDA GARNER,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:19-CV-345

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Michael Shemond White appeals from the district court's grant of summary judgment for defendants on White's claim under 42 U.S.C. § 1983

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

related to an alleged use of excessive force. For the following reasons, we AFFIRM.

## I.

At all times relevant to this case, Michael Shemond White was a prisoner housed at the Coffield Unit of the Texas Department of Justice. His § 1983 suit stems from events occurring on or about April 10, 2018. Following an incident where White threw unknown liquids at prison officers, Sergeant John Ellis and Officer William Barnett conducted a search of White's cell for contraband. White was handcuffed and under the control of Officer Barnett during the search. While being returned to his cell, White attempted to pull away from Officer Barnett. After Officer Barnett began to slip due to White's efforts, Sgt. Ellis intervened and both he and Officer Barnett took White to the ground to regain control of the situation. White continued to resist and grabbed a pen from Sgt. Ellis's vest and attempted to stab the two officers. In response, Sgt. Ellis used joint manipulation on White's thumb to regain control of the pen and prevent its use as a weapon. Multiple officers and staff then arrived to assist in the situation and White was brought to the infirmary. He was examined by Linda Garner, RN, who found that White had suffered injuries from the joint manipulation which had caused slight swelling, but that the injuries did not require treatment beyond first aid. White then refused any treatment for his hand, was cleared by RN Garner, and was returned to his cell.

White filed a § 1983 claim, asserting that Sgt. Ellis used his body weight to break both of White's thumbs while White was handcuffed and face down on the floor.[1] Sgt. Ellis filed a motion for summary judgment, to which

---

[1] These allegations were made in White's amended complaint. White initially filed his complaint in the form of a letter (which the magistrate judge construed as a complaint against "Coffield Medical Staff") asserting a lack of treatment for his thumb injuries, which

No. 21-40211

White did not respond. The magistrate judge issued a report and recommendations concluding that Sgt. Ellis's motion for summary judgment should be granted. White then filed a second amended complaint, and the magistrate judge denied his implied motion for leave to amend his complaint. White then filed two letters, which the district court construed as objections to the magistrate judge's recommendation. The district court denied those objections, adopted the magistrate judge's report and recommendations, and granted summary judgment in favor of Sgt. Ellis.

## II.

"We review a district court's grant of summary judgment de novo, applying the same standards as the district court." *Lindsley v. TRT Holdings, Inc.*, 984 F.3d 460, 466 (5th Cir. 2021). Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED R. CIV. P. 56(a). "A fact is material if it might affect the outcome of the suit, and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for" the plaintiff. *Lindsley*, 984 F.3d at 466. Once a motion for summary judgment is filed, "the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting FED R. CIV. P. 56(e)). Where, as here, a

---

the magistrate judge found did not satisfy the requirements of Federal Rule of Civil Procedure 8(a) and required amendment. In his amended complaint, White only listed Sgt. Ellis as a defendant and based his claims on the alleged use of excessive force. Therefore, as the magistrate judge correctly noted, "['Coffield Medical Staff'] has effectively been dismissed through the filing of the amended complaint" and we therefore have no need to address any claims against them. Similarly, Linda Garner, RN, was only added as a purported defendant through a belated, implied motion from White for leave to amend his complaint, which the magistrate judge denied. Therefore, the only remaining defendant is Sgt. Ellis and we review only the decision related to White's excessive-force claim against him.

No. 21-40211

plaintiff does not file an opposition to a defendant's motion for summary judgment, a district court may properly take the facts put forward by defendant in support of his motion for summary judgment to be undisputed. *Eversley v. Mbank Dall.*, 843 F.2d 172, 174 (5th Cir. 1988). We therefore consider whether an Eighth Amendment violation[2] occurred based on Sgt. Ellis's accounting of the facts of the incident.

When considering whether a use of force was excessive, and thus violated the Eighth Amendment's prohibition of cruel and unusual punishment, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. When determining "whether unnecessary and wanton infliction of pain was used," we normally look to five relevant factors: "(1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response." *Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998). Considering these factors, and looking to the undisputed facts, we hold that Sgt. Ellis did not act maliciously or sadistically, but instead engaged in a good-faith effort to restore discipline by bringing White, a resisting prisoner, under control. Therefore, Sgt. Ellis did not use excessive force in violation of White's rights under the Eighth Amendment.

The magistrate judge found that the first factor "weighs in White's favor" because Sgt. Ellis assumed *arguendo* that his manipulation of White's thumb caused injury to avoid a fact dispute. We note that White has pointed

---

[2] Because White is a prisoner, his excessive-force claim is considered under the Eighth Amendment's prohibition against cruel and unusual punishment. *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992).

to no facts in the record supporting his claims that he suffered one or more broken thumbs, rather than minor injuries leading to slight swelling. If the latter, this factor would definitively tip in Sgt. Ellis's favor since "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Wilkins v. Gaddy*, 559 U.S. 34, 37–38 (2010) (quoting *Hudson*, 503 U.S. at 9–10). But in any event, we need not directly consider this question as the other factors cut towards Sgt. Ellis.

The second factor, the need for the force at hand, strongly supports Sgt. Ellis. The undisputed facts demonstrate that Sgt. Ellis brought White to the ground in response to several attempts by White to pull away from Officer Barnett (efforts severe enough to cause Officer Barnett to lose his footing) and then used joint manipulation to prevent White from stabbing the officers with a pen. Such behavior quite obviously threatens the discipline of a prison, and the actions taken as outlined by Sgt. Ellis can be considered a "good-faith effort to . . . restore [that] discipline." *Hudson*, 503 U.S. at 7; *see also Freeman v. Sims*, 558 F. App'x 412, 413 (5th Cir. 2014) ("Based on [plaintiff's] refusal to comply with orders and aggressive behavior, there was need for application of force[.]").

The magistrate judge found the third factor "inconclusive," finding that there was not enough evidence to determine whether the amount of force used by Sgt. Ellis (especially if it did indeed break White's thumb) was necessary given the danger. Again, if we credit Sgt. Ellis's unopposed description of the results of the force, his use of joint manipulation was proportional to the danger posed by White's use of the pen as a weapon. And even if we adopt White's portrayal of the injuries, we do not find that this factor, given the totality of the case, would pull hard enough to drag the analysis to White's side of the line.

No. 21-40211

As to the fourth factor, the threat reasonably perceived by prison officials, our analysis largely tracks with our consideration of the second factor (the need for the force). It is clear beyond cavil that the officers could have reasonably perceived a threat in White's actions, especially his efforts to stab them with a pen. One need not consider if the pen is mightier than the sword when someone is attempting to use the pen as a sword. And as the magistrate judge correctly noted, "[s]uch behavior plainly poses a threat and cannot be tolerated in a facility of incarceration." *See Baldwin*, 137 F.3d at 840; *Freeman*, 558 F. App'x at 413.

Finally, we consider the fifth factor and determine whether sufficient efforts were made to temper the severity of a forceful response. The Supreme Court has previously found that in "dangerous and volatile" situations, "[t]he failure to provide for verbal warnings is . . . not so insupportable as to be wanton." *Whitley v. Albers*, 475 U.S. 312, 323–24 (1986). While there is no evidence that Sgt. Ellis gave a verbal warning to White, that fact does not control given the sudden nature of White's actions (grabbing the pen) and the need to quickly react to prevent further danger. Further, the force Sgt. Ellis used (joint manipulation) could in many ways be viewed as an effort to temper the situation by preventing the need for a more severe and forceful response to White's aggressive actions. This factor does not counsel against a grant of summary judgment for Sgt. Ellis.

In sum, our core inquiry is into whether Sgt. Ellis acted in good faith to restore discipline or sadistically with the intent to cause harm, and we find

No. 21-40211

the undisputed facts show the former. White's Eighth Amendment excessive-force claim fails.[3]

## III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[3] Because we find that there is insufficient evidence to support White's claim that his rights under the Eighth Amendment were violated, we need not consider Sgt. Ellis's additional argument that his actions are protected by qualified immunity.