Filed 5/1/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MARY McFADDEN,<br><br>　　Plaintiff and Appellant,<br><br>　　v.<br><br>LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR et al.,<br><br>　　Defendants and Respondents. | B287190<br>B290332<br><br>(Los Angeles County<br>Super. Ct. No. BC493938) |

　　APPEALS from a judgment of the Superior Court of Los Angeles County, Barbara A. Meiers, Judge.  Dismissed.

　　Mary McFadden, in pro. per., for Plaintiff and Appellant.

　　Michael N. Feuer, City Attorney, Morgan Hector, Deputy City Attorney, for Defendants and Respondents.

　　　　　　　　———————————————

Mary McFadden, who has been adjudicated a vexatious litigant, appeals from a judgment and order entered after the trial court granted its own motion to strike under Code of Civil Procedure section 436[1] and motion for judgment on the pleadings under section 438. We find that McFadden's appeals have no merit and that they have been filed to harass the respondents; the appeals are dismissed.

## BACKGROUND[2]

"In October 2012, McFadden, in pro. per., filed this action against the Los Angeles County Treasurer and Tax Collector (the County), challenging the pending public auction of her property located at 1446 West 37th Drive in Los Angeles. . . . [¶]

"Although the complaint originally did not name the City of Los Angeles (the City) as a defendant, the complaint included allegations that the Department of Building and Safety of the City of Los Angeles (the Department) had wrongfully demolished McFadden's house (located at 1446 West 37th Drive) in 2005 without obtaining a court order authorizing it to do so. [¶] . . . [¶]

**[A. McFadden I]**

"This is the fourth case McFadden has filed against the City concerning the demolition of her house. In the first case

---

[1] Further statutory references are to the Code of Civil Procedure.

[2] Much of the background is taken from our April 2016 opinion in this matter. (*McFadden v. City of Los Angeles* (Apr. 28, 2016, B254992) [nonpub.opn.] (*McFadden III*).) Reference to "this action" in excerpts from *McFadden III* continue to be accurate because these appeals are from a judgment and order entered in the same trial court case that resulted in our opinion in *McFadden III*.

(BS095404), filed on March 4, 2005, McFadden filed a petition for writ of mandate challenging the decision by the Board of Building and Safety Commissioners of the City of Los Angeles (the Board) that her property constituted a public nuisance and that no additional time should be granted to her to abate the property. The trial court denied the petition and the Court of Appeal affirmed on the merits. (*McFadden v. Board of Building and Safety Commission* (Mar. 13, 2009, B196818) [nonpub. opn.] [(*McFadden I*)].)

**[B.    McFadden II]**

"In the second case (BC345396), filed on January 4, 2006, McFadden filed an action against the City, the Department, the Board, and Ben Mathias for inverse condemnation, wrongful eviction and deprivation of civil rights arising from the Board's public nuisance determination and the subsequent demolition of her house. The trial court granted the defendants' motion for judgment on the pleadings and the Court of Appeal affirmed on res judicata grounds. (*McFadden v. City of Los Angeles* (June 14, 2011, B222154) [nonpub. opn.] [(*McFadden II*)].)

**[C.    Abandoned Appeal]**

"In the third case (BC468177), filed on August 23, 2011, McFadden filed an action against the City, the Department, the Board, Andrew Adelman, Ben Mathias, and Roxanne Wiles. As set forth in the trial court's order granting the defendants' motion for judgment on the pleadings in that case, McFadden alleged, among [other] things, (1) that the defendants prevailed in the first case (BS095404) 'by lying to the court and concealing various facts from' McFadden, and (2) 'that there was never a final administrative adjudication with respect to' her property. The court granted the motion on res judicata grounds. McFadden

3

appealed from the judgment, but later abandoned her appeal. The appellate court dismissed the appeal at McFadden's request.

**[D.    McFadden III]**

"In June 2013, the County filed a motion for judgment on the pleadings in the present action, which McFadden opposed.  In July 2013, the City and its employees filed demurrers to the complaint, which McFadden opposed.

"On September 5, 2013, the date of the hearing on the motion for judgment on the pleadings and the demurrers, the trial court issued a tentative ruling granting the motion with leave to amend and sustaining the demurrers without leave to amend.  In its tentative ruling, the court concluded McFadden's action against the City and its employees was barred by res judicata, explaining:  'This is McFadden's fourth case against the City, the Department of Building and Safety, and the City employees involved with the demolition decision on plaintiff's house.  The appeal in case No. BS095404 was decided against plaintiff in March 2009, and two more cases by McFadden against the City (and its employees Adelman and Mathias for being in privity with the City) have already been determined against McFadden on res judicata.  [Citation.]  This case also has to do with the decision by the City to demolish plaintiff's house.  See Complaint, ¶¶ 18-24.  It is barred by res judicata.'  The court also concluded McFadden's action against the County is barred because McFadden failed to comply with the California Tort Claims Act.

"The trial court did not issue a final ruling on the motion for judgment on the pleadings and the demurrers because McFadden had a bankruptcy case pending.  The court continued the matters pending resolution of the bankruptcy case.

4

"On September 27, 2013, the City and its employees filed a motion for an order declaring McFadden a vexatious litigant under Code of Civil Procedure section 391, subdivisions (b)(2)-(3), [fn. omitted] for an order requiring McFadden to post a bond under section 391.1, and for a prefiling order prohibiting McFadden from filing new litigation in pro. per. without obtaining leave of the presiding judge under section 391.7. The bankruptcy court granted the City's motion for relief from the automatic stay to pursue the vexatious litigant motion. On January 8, 2014, after several continuances of the hearing date on the motion, McFadden filed an opposition to the motion. She requested additional time to hire an attorney.

"On January 9, 2014, the trial court held a hearing on the vexatious litigant motion. The court denied McFadden's request for a continuance to find an attorney, explaining the court already had continued the matter so McFadden could hire an attorney.[3] On the merits, the court ruled: 'The motion to deem plaintiff McFadden a vexatious litigant is granted. The plaintiff

_____

[3] "The hearing on the vexatious litigant motion originally was set for October 23, 2013. On October 18, 2013, the trial court continued the hearing to November 1, 2013 due to pendency of the bankruptcy proceedings. On November 1, 2013, the court continued the hearing to December 12, 2013 because the bankruptcy proceedings had not resolved. On December 12, 2013, McFadden sought a further continuance to hire an attorney. The court set the hearing for January 9, 2014. McFadden had ample time between September 27, 2013—the date the City and its employees filed the motion—and January 9, 2014—the date the court heard the motion—to hire an attorney. The trial court did not abuse its discretion in declining to grant a further continuance. [Citation.]

meets the definition of a vexatious litigant because she repeatedly has attempted to relitigate the same case against the Defendant City of Los Angeles for condemning and demolishing her house and has already lost in three prior cases and two prior appeals, making this her fourth case. [¶] Plaintiff filed a nonsubstantive opposition with this court after having been given extra time to do so but has not given the court any arguments on the merits. Plaintiff Mary McFadden is hereby prohibited as a vexatious litigant from filing any new litigation in the courts in this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed. Disobedience of the court order by a vexatious litigant may be punished as a contempt of court by CCP 391.7. [¶] Further, as there is no reasonable probability the plaintiff will prevail in the litigation, plaintiff is ordered to post a bond in the amount of $5,000 in order to proceed with the action under CCP 391.1 to 391.3. [¶] This case is automatically stayed from the time the motion was filed until ten days after plaintiff posts the required security under CCP 391.6. If the bond is not posted, the action will be dismissed as to the Defendant City of Los Angeles under CCP 391.4.' The trial court ordered the City to give notice of the ruling. The court did not issue an order setting forth its ruling.

"On January 21, 2014, the City mailed McFadden notice of the January 9, 2014 ruling. Three days later, on January 24, 2014, the trial court dismissed the action with an order stating: 'The Court having after hearing found plaintiff Mary McFadden to be a vexatious litigant by order of January 9, 2014 ordered her to post security of $5,000 and the security not having been timely posted plaintiff's lawsuit is dismissed pursuant to [section 391.4].

6

[¶] Pursuant to Code of Civil Procedure section 391.7 plaintiff is ordered not to file any new litigation in any court without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed. Disobedience of this order by a vexatious litigant may be punished as a contempt of court.' " (*McFadden III*, *supra*, B254992, at pp. 2-6.)

In *McFadden III*, we affirmed the trial court's order declaring McFadden a vexatious litigant, imposing a prefiling order, and requiring her to post a $5,000 security bond for the benefit of the City and its employees. (*McFadden III*, *supra*, B254992, at pp. 6, 8.) Because the trial court did not set a deadline within which McFadden was to post the security bond, however, we reversed the trial court's order dismissing the action and directed the trial court to "fix the time within which McFadden must post the bond in accordance with section 391.3, subdivision (a)." (*Id.* at p. 9.) In our opinion, we stated: "On remand, McFadden may not challenge the portions of the order declaring her a vexatious litigant, imposing a prefiling order, or requiring her to post a $5,000 security bond for the benefit of the City and its employees, as we have affirmed those portions of the order on the merits." (*Id.* at pp. 8-9.)

**E.    These Appeals**

On July 14, 2017, the trial court issued an order setting a hearing on its own motion for an order striking McFadden's complaint under section 436 and for judgment on the pleadings under section 438. Among other issues, the trial court noted that the complaint "reflects claims barred by res judicata and being subject to being stricken or dismissed or the subject of a judgment on the pleadings . . . ." The trial court heard the matter on September 19, 2017, and issued a written minute order

7

dismissing the action on the grounds stated in its July 14, 2017 order. The trial court's September 19 order stated: "[T]here are no facts which this Court can conceive of which would salvage or potentially salvage the frivolous and too often resurrected claims of this vexatious litigant."

The trial court entered a judgment of dismissal on October 27, 2017. McFadden filed a notice of appeal on December 26, 2017 (B287190). Because she never requested leave of court to file the notice of appeal, on December 29, 2017, we directed McFadden to "show in writing 'that the litigation has merit and has not been taken for purposes of harassment or delay' " within 20 days.

On May 25, 2018, McFadden filed a second notice of appeal, purporting to appeal from trial court orders dated January 17 and March 8, 2018 regarding an increased security bond and attorney fees awarded by the trial court (B290332). Because McFadden failed to request leave of court to file the notice of appeal, on May 30, 2018, we directed McFadden to "show in writing 'that the litigation has merit and has not been taken for purposes of harassment or delay' " within 20 days.

On May 29, 2018, McFadden filed a substitution of attorney substituting Allen B. Felahy as counsel in B287190. No substitution of counsel was filed in B290332. On June 21, McFadden filed a statement in B290332 stating that she intended to ask Felahy to handle both appeals. The same day, we filed an order in B287190 that stated: "In light of retention of counsel, the order to show cause issued on December 29, 2017 is discharged."

On January 3, 2019, we granted Felahy's motion to withdraw as counsel for McFadden. On January 15, we issued an

8

order to show cause why both matters should not be dismissed under section 391.3, subdivision (b) upon the withdrawal of McFadden's counsel.  On January 24, McFadden filed a request for extension of time to respond to our order to show cause; we granted McFadden's request.

On February 8, 2019, McFadden filed a response to our order to show cause.  On February 14, the City filed a letter brief responding to McFadden's filing.  We granted McFadden leave to file a reply, which she filed on February 27.  On February 28, McFadden attempted to file a supplement to her reply brief.  We denied McFadden leave to file the supplemental reply.[4]

## DISCUSSION

"If, after hearing evidence on" a motion brought against a vexatious litigant under section 391.3 "the court determines that the litigation has no merit and has been filed for the purposes of harassment or delay, the court shall order the litigation dismissed.  This subdivision shall only apply to litigation filed in a court of this state by a vexatious litigant subject to a prefiling order pursuant to Section 391.7 who was represented by counsel at the time the litigation was filed and who became in propria persona after the withdrawal of his or her attorney."[5]  (§ 391.3, subd. (b).)

---

[4] At oral argument, McFadden requested that we continue the hearing on the order to show cause to give her time to retain another attorney.  We deny the request.

[5] In 2011, the Supreme Court held that dismissal of a vexatious litigant's action after withdrawal of counsel that filed the litigation could only result from the litigant's failure to post court-ordered security to continue prosecuting the litigation, but that sections 391.1 et seq. did not otherwise vest the courts with

9

In response to our initial orders to show cause issued to McFadden immediately after she filed the notices of appeal in these matters, McFadden retained counsel. Based on that retention of counsel we allowed McFadden to initiate these matters. McFadden became in propria person upon her attorney's withdrawal.

In response to our second order to show cause regarding the merit of McFadden's appeals, issued after McFadden's attorney withdrew, McFadden contends that she is not a vexatious litigant. In *McFadden III*, we affirmed the vexatious litigant order she continues to challenge. (*McFadden III*, *supra*, B254992, at p. 8.) We will not reconsider that challenge.

McFadden contends that the City was required to provide her with a specific administrative proceeding before it condemned and demolished her property and that it did not do so. *McFadden I* discussed at length the administrative procedures the City undertook and the administrative procedures McFadden

---

authority to dismiss litigation. (*Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1176 (*Shalant*).) "As the appellate court below remarked," the Supreme Court said, "[w]e sympathize with the plight of already overburdened trial courts that are forced to contend with the abusive conduct of vexatious litigants. But in their efforts to deal with the problem of vexatious litigants, courts must observe the limits set by the applicable statutory scheme. If those limits are too confining, then it is the function of the Legislature, not the courts, to expand them." (*Ibid.*)

Citing *Shalant*, the Legislature amended the vexatious litigant statutory scheme in 2012 to include, among other enabling and consistency provisions, section 391.3, subdivision (b). (See Sen. Com. on Judiciary, Rep. on Assem. Bill No. 2274 (2011-2012 Reg. Sess.) as amended May 15, 2012, pp. 2-3.)

claimed—at the time—the City *should* have undertaken. *McFadden I* was issued more than a decade ago. The time to raise the issue McFadden now views as meritorious was *then*. " 'If the matter was within the scope of the action, related to the subject matter and relevant to the issues, so that it *could* have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged . . . . The reason for this is manifest. A party cannot by negligence or design withhold issues and litigate them in consecutive actions. Hence the rule is that the prior judgment is res judicata on matters which were raised or could have been raised, on matters litigated or litigable.' " (*Tensor Group v. City of Glendale* (1993) 14 Cal.App.4th 154, 160, original italics.) McFadden's new argument regarding the 2005 condemnation and demolition of her property is not timely.

McFadden contends that she is the defendant in this action and should consequently be relieved of the vexatious litigant prefiling order. She cites no authority to support this contention, and we are aware of none. McFadden filed the complaint that initiated this case in the trial court. "[T]he party complaining is known as the plaintiff, and the adverse party [is] the defendant." (§ 308.) This contention is also without merit.

Finally, McFadden contends that she has not filed these appeals to harass the respondents. Whether that was her intent, that has been the effect of McFadden's almost decade-and-a-half crusade in the courts against the City and related respondents. The trial court ruled on the merits of McFadden's claims, as did this court. The trial court has repeatedly explained to McFadden that her continued attempts to relitigate the issues related to the condemnation and demolition of her property are meritless and

11

are barred by res judicata.  We have also now *repeatedly* explained that to McFadden.  We find no proper purpose for McFadden's improper attempts to relitigate issues that either were or should have been litigated more than a decade ago.  We find that the only possible purpose of these appeals is to harass the respondents.

McFadden's appeals have no merit and have been filed to harass the respondents.  We therefore dismiss them.

## DISPOSITION

The appeals are dismissed.  Respondents are entitled to their costs on appeal.

CERTIFIED FOR PUBLICATION

CHANEY, Acting P. J.

We concur:

BENDIX, J.

LEIS, J.*

---

*  Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

12