Filed 12/14/23  Memula v. Mojave Radiation Oncology Medical Group CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| NARAYANA G. MEMULA,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>MOJAVE RADIATION ONCOLOGY MEDICAL GROUP, INC.,<br><br>    Defendant and Respondent. | D082262<br><br><br>(Super. Ct. No. CIVDS1722257) |

APPEAL from a judgment of the Superior Court of San Bernardino, Brian S. McCarville, Judge.  Affirmed.

Allen Saltzman, Tom M. Allen, and Erica L. Saltzman for Plaintiff and Appellant.

Arias & Lockwood, Christopher D. Lockwood; Law Offices of J. Patrick Ragan and J. Patrick Ragan for Defendant and Respondent.

In a prior action, Dr. Narayana G. Memula (Memula) sued his former employer, Mojave Radiation Oncology Medical Group, Inc. (Mojave), asserting claims arising from breach of his employment contract.  An arbitrator awarded Memula damages, and Memula petitioned to confirm and correct the award as a judgment.  The trial court confirmed the award, modified it to

award post-arbitration damages as requested by Memula, granted injunctive relief, and entered judgment.

Memula later filed a second lawsuit alleging that Mojave violated the court's injunction and breached the employment contract again. Before trial, the court granted Mojave's motion in limine to exclude evidence regarding damages incurred before the first judgment on res judicata and collateral estoppel grounds.[1] After the court denied Memula's motion for reconsideration on the first day of trial, Memula immediately stipulated to entry of judgment in Mojave's favor to facilitate this appeal.

On appeal, Memula contests the court's order granting Mojave's motion in limine only with respect to evidence of damages incurred after the arbitration and before the judgment in the prior action. He contends that: (1) he may raise this issue on appeal from the stipulated judgment; (2) the motion in limine was an improper substitute for a dispositive statutory motion; (3) the court exceeded its jurisdiction in awarding post-arbitration damages in the first suit, making that portion of the judgment void and without preclusive effect; and (4) res judicata does not apply because Memula's second action was not the same cause of action as the first.

Regarding Memula's first point, it is undisputed that the court's ruling on the motion in limine is properly before us on appeal from the stipulated judgment. We disagree with the remainder of Memula's contentions, however, and conclude that: (1) a motion in limine was the appropriate vehicle for seeking exclusion of the evidence at issue; (2) even assuming

---

[1] Although the modern terms for res judicata and collateral estoppel are claim preclusion and issue preclusion (*Samara v. Matar* (2018) 5 Cal.5th 322, 326), we will refer to them as res judicata and collateral estoppel to be consistent with the terminology used by the parties and the trial court.

without deciding that the trial court exceeded its authority in awarding post-arbitration damages in the first judgment, Memula invited the error by affirmatively asking the court for the precise relief it granted; and (3) the trial court did not err in excluding evidence of post-arbitration, pre-judgment damages on res judicata grounds. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

*A. First Lawsuit*

In 2008, Mojave and Memula entered an employment contract for Memula to work as a radiation oncologist for Mojave. In October 2010, the parties had a disagreement about whether the contract provided that Memula would become a shareholder of Mojave at the beginning of his third year of employment. After Mojave told Memula it was preparing to terminate him, Memula sued Mojave in January 2011 for breach of contract, specific performance, breach of implied covenant of good faith and fair dealing, promissory estoppel, fraudulent inducement, and injunctive relief.

The trial court issued a temporary restraining order and preliminary injunction, prohibiting Memula's termination and unilateral modifications to the employment agreement. The parties then entered into arbitration, and in October 2013, the arbitrator found that the contract was for a three-year term and that Memula was not entitled to shareholder status. The arbitrator further found, however, that Memula could collect a 50 percent share of net profits beginning in his third year of employment and onward. The arbitrator determined that Memula should receive $368,596 in damages consisting of back pay through September 2013.

Memula petitioned the trial court to confirm and correct the arbitration award, requesting that he be awarded an additional 50 percent of net profits for September 2013 through the date of the granting of his

3

petition. In a subsequent petition, Memula also requested a permanent injunction preventing Mojave from unilaterally modifying his employment contract or prematurely terminating Memula's employment.

After seeking some clarification from the arbitrator, on May 17, 2016, the court granted Memula's petitions and entered judgment awarding him lost wages, with interest, through August 2013. The court also determined that Memula was entitled to costs and attorney fees incurred through April 23, 2015, for a total amount of $679,209.27. The court further awarded Memula additional damages as follows:

> "Plaintiff is entitled to additional damages as and for loss of wages from August 2013 through the date of this Judgment. Plaintiff may move this Court for an order amending this Judgment to add such additional damages and interest as and for loss of wages from September 13, 2013 through the date this Judgment is signed and filed. The amount of those additional damages shall be determined by noticed motion[.]"

The judgment also permanently enjoined Mojave from interfering with the employment contract during Memula's employment. Lastly, it provided that "[b]y Memorandum of Costs and Notice of Motion, Plaintiff may move this Court for such other attorney fees and costs incurred from April 24, 2015 through the date of this judgment. On determination of the amount of any additional attorney fees and costs, this Judgement [*sic*] will be amended to add those allowable attorney fees and costs."

In July 2016, Memula submitted a Memorandum of Costs After Judgment with a request for a writ of execution. Memula never made the motion expressly contemplated in the judgment for an order amending the judgment to add additional damages for lost wages from September 13, 2013 through the date of the judgment.

4

Mojave terminated Memula in August 2016. In September 2016, Memula filed an acknowledgement of full satisfaction of judgment in the amount of $679,209.27.

*B. Second Lawsuit*

Memula sued Mojave again in November 2017, alleging that Mojave violated both the employment contract and the preliminary injunction in the first suit by hiring new physicians, deducting their salaries from the group's net collections, and effectively reducing Memula's 50 percent share of those proceeds. Memula alleged that Mojave took these actions after the arbitrator awarded damages in September 2013, and he sought $471,859 in lost income. He asserted that he was entitled to these damages under the terms of the judgment in the first action, which he attached as an exhibit to his complaint.

Mojave moved for summary judgment in October 2018 on collateral estoppel and res judicata grounds. Mojave argued that Memula's second suit alleged he incurred damages between October 2010 and May 2016, a time period covered by the first judgment. Specifically, Mojave contended that collateral estoppel prevented Memula from recovering damages incurred before August 2013 because they were already awarded in the first judgment, and res judicata precluded him from recovering damages through May 2016 because Memula could have sought those damages by post-judgment motion but failed to do so. Memula argued, among other things, that issues of fact remained regarding whether Mojave violated the permanent injunction post-judgment, and that he was also seeking damages for a post-judgment time period from May 2016 up until his termination in August 2016.

The trial court denied Mojave's motion for summary judgment, noting that Memula "might be precluded from seeking any damages that arose on or

before May 17th, 2016, under collateral estoppel[,]" but that issues of fact remained regarding potential damages for the post-judgment time period.

Mojave then filed a motion for summary adjudication in May 2019 for the time period covered by the first judgment only. Memula opposed the motion on procedural grounds, arguing that the motion was inappropriate because it would not completely dispose of his claim for damages. The court agreed with Memula, stating that while it agreed "in theory that plaintiff should be limited to the damages that accrued after judgment," the court believed the issue would be "more properly raised as a motion in limine, or it could be a motion to strike." Mojave's counsel then requested an earlier motion in limine hearing date to resolve the damages issue.

With the court's leave, Mojave filed an early motion in limine in September 2019 to exclude evidence and argument concerning alleged damages incurred before May 17, 2016, the date of the first judgment. The court granted Mojave's motion in limine on collateral estoppel and res judicata grounds.

On the morning of the first day of trial in March 2022, Memula's counsel made an oral motion for reconsideration of the order granting Mojave's motion in limine. The court denied the motion, and without presenting any evidence, Memula immediately consented to judgment in Mojave's favor to facilitate this appeal. Mojave stipulated to the judgment, and Memula timely appealed.

## DISCUSSION

### I

As noted, the parties do not dispute that the trial court's ruling on Mojave's motion in limine is properly before us on appeal from the stipulated judgment, so we do not address that issue here. (*Villano v. Waterman*

6

*Convalescent Hospital, Inc.* (2010) 181 Cal.App.4th 1189, 1192 [stipulated judgment after adverse motion in limine rulings was appealable].) We therefore turn to Memula's first disputed argument on appeal: that Mojave's motion in limine was an improper substitute for a dispositive statutory motion. Memula contends that Mojave's motion in limine was an attempt to "circumvent its failed efforts" on motions for summary judgment and summary adjudication. We disagree.

"Generally speaking, in limine motions are disfavored in cases in which they are used not to determine in advance the court's projected ruling if presented with an evidentiary objection during trial," and are instead used "to serve as a substitute for a dispositive statutory motion." (*Pellegrini v. Weiss* (2008) 165 Cal.App.4th 515, 530 (*Pellegrini*).) But Mojave's motion in limine was not an end-run around dispositive statutory motions because Mojave *did* file dispositive statutory motions which were denied on largely procedural grounds. In fact, in denying Mojave's motion for summary adjudication, the trial court expressly stated that the preclusion issue was "more properly raised as a motion in limine," prompting Mojave's counsel to request leave to file such a motion. There was no attempt here to "blindside" Memula or "infringe [his] right to a jury trial." (*Pellegrini*, at p. 530.) Rather, Memula was afforded "the protections provided by trial or by the statutory processes," and made use of opportunities to present arguments in opposition to Mojave's motions. (*Ibid.*)

"In spite of the obvious drawbacks to the use of in limine motions to dispose of a claim, trial courts do have inherent power to use them in this way." (*Amtower v. Photon Dynamics, Inc.* (2008) 158 Cal.App.4th 1582, 1595 (*Amtower*); see also *K.C. Multimedia, Inc. v. Bank of America Technology & Operations, Inc.* (2009) 171 Cal.App.4th 939, 950 [". . . *Amtower* cannot be

7

read as a blanket prohibition on the use of in limine proceedings to decide dispositive issues"].) Although motions in limine are generally disfavored as a method "to dispose of a case or cause of action for evidentiary reasons" (*Amtower*, at p. 1595), there is no blanket prohibition on their use to preclude evidence of a claim or category of damages based on a purely legal issue, such as res judicata.

Accordingly, we conclude that Mojave's motion in limine was not an improper substitute for a dispositive statutory motion.

## II

We turn next to Memula's argument that the trial court exceeded its authority in requiring him to file a motion for post-arbitration damages in the first judgment, rendering that portion of the judgment void. Memula contends that because that provision as read by the trial court is void, it cannot have preclusive effect. We conclude, however, that even assuming the trial court exceeded its authority by including this provision in the first judgment, Memula invited the error by affirmatively asking the trial court to include the provision.

The doctrine of invited error is a form of estoppel. (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 393, 403.) " 'Where a party by his conduct induces the commission of error, he is estopped from asserting it as a ground for reversal' on appeal." (*Ibid.*) The purpose of the doctrine is to "prevent a party from misleading the trial court and then profiting therefrom in the appellate court. [Citations.]" (*Ibid.*)

Under this doctrine, "[a] judgment or order that would be void in the abstract—because the court acted in excess of jurisdiction when issuing it—is nonetheless immune from challenge if consented to." (*Diaz v. Professional Community Management, Inc.* (2017) 16 Cal.App.5th 1190, 1205, fn. 4 (*Diaz*).)

8

"When . . . the court has jurisdiction of the subject, a party who seeks or consents to action beyond the court's power as defined by statute or decisional rule may be estopped to complain of the ensuing action in excess of jurisdiction." (*In re Griffin* (1967) 67 Cal.2d 343, 347.) "It is only the court's fundamental lack of jurisdiction—i.e., 'an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties' [citation,] which cannot be remedied by consent." (*Diaz*, at p. 1205, fn. 4.)

Memula does not seriously dispute that the trial court in the prior action had jurisdiction in the fundamental sense. The court clearly had jurisdiction over the subject matter and the parties. An arbitration award is not automatically entered as a judgment. Rather, after the arbitration award has been made, "[a]ny party . . . may petition the court to confirm, correct or vacate the award." (Code Civ. Proc., § 1285.) "Once a petition to confirm an award is filed, the superior court has only four courses of conduct: to confirm the award, to correct and confirm it, to vacate it, or to dismiss the petition." (*Glassman v. McNab* (2003) 112 Cal.App.4th 1593, 1598; see also Code Civ. Proc., § 1286 ["[i]f a petition or response under this chapter is duly served and filed, the court shall confirm the award as made, whether rendered in this state or another state, unless in accordance with this chapter it corrects the award and confirms it as corrected, vacates the award or dismisses the proceeding"].) The court may modify or "correct" an award if there was (1) an "evident miscalculation" or "mistake" in the award, (2) the arbitrators exceeded their powers and the award can be corrected without affecting the merits of the decision, or (3) the award "is imperfect in a matter of form, not affecting the merits of the controversy." (Code. Civ. Proc., § 1286.6, subds. (a)-(c).)

9

Memula's argument here is *not* that the trial court lacked jurisdiction in the fundamental sense, but that it purportedly exceeded its jurisdiction to confirm or correct the arbitration award by awarding post-arbitration damages (which he specifically requested). "When a court has fundamental jurisdiction, but acts in excess of its jurisdiction, its act or judgment is merely voidable . . . and a party may be precluded from setting it aside by 'principles of estoppel . . . or res judicata.'" (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 661.) More specifically, the invited error doctrine applies to a claim that a court or arbitrator has exceeded its authority in awarding damages in the arbitration context. (See, e.g., *Harris v. Sandro* (2002) 96 Cal.App.4th 1310, 1314 [any error in awarding fees was invited because both parties requested an award of fees in arbitration]; *Taranow v. Brokstein* (1982) 135 Cal.App.3d 662, 667 [even if the arbitrator did not have power to award attorney's fees, the aggrieved party "voluntarily joined in the arbitration of the dispute" and "may therefore not now complain"].)

Here, Memula contends that to the extent the first judgment required him to file a motion to recover post-arbitration damages in the same action, the provision exceeded the court's authority and is therefore void. We need not decide, however, whether the trial court exceeded its authority because Memula invited any potential error in that provision by requesting its inclusion in the judgment and drafting its language. Memula's initial petition to confirm and correct the arbitration award specifically requested that he be awarded 50 percent of net profits for September 2013 through the date of the granting of his petition. Although Memula claims his counsel was not *solely* responsible for drafting the first judgment, he does not dispute that his counsel's name is in the judgment's heading. The record contains no evidence Memula ever disputed that his counsel drafted the judgment, even

10

when Mojave asserted that fact in its motions for summary judgment and summary adjudication, and its in limine motion. And when Mojave's counsel argued at the motion in limine hearing that the additional damages provision was "in the judgment prepared by Plaintiff's counsel," Memula's counsel did not object or dispute that assertion.

Because Memula voluntarily requested—and his counsel drafted—the provision he claims is voidable, under the invited error doctrine, he cannot now complain of that alleged error. (See *Pierotti v. Torian* (2000) 81 Cal.App.4th 17, 28.) Accordingly, we conclude that even if the trial court exceeded its authority in including that provision in the first judgment, any such error is not grounds for reversal and does not prevent the provision from having preclusive effect.

### III

Having concluded that Memula cannot challenge the additional damages provision of the judgment he himself requested in the prior action, we consider next whether the trial court correctly decided that res judicata bars Memula from presenting evidence of post-arbitration, pre-judgment damages incurred between September 2013 and May 2016—the period covered by the additional damages provision. Although in limine rulings are generally reviewed for abuse of discretion, we review them de novo if they raise only issues of law. (*McMillin Companies, LLC v. American Safety Indemnity Co.* (2015) 233 Cal.App.4th 518, 529–530.) Whether the doctrine of res judicata applies in a particular case is a question of law which we review de novo. (*Ayala v. Dawson* (2017) 13 Cal.App.5th 1319, 1325.) Based on our de novo review, we conclude that the trial court correctly ruled res judicata applies.

11

Res judicata describes the preclusive effect of a final judgment on the merits and prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them. (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896 (*Mycogen*).) "Under the doctrine of res judicata, if a plaintiff prevails in an action, the cause is merged into the judgment and may not be asserted in a subsequent lawsuit[.]" (*Id.* at pp. 896–897.) "[A]ll claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date." (*Id.* at p. 897.)

California's res judicata doctrine is based upon the primary right theory. (*Mycogen*, *supra*, 28 Cal.4th at p. 904.) This theory provides that a cause of action is comprised of (1) a primary right of the plaintiff, (2) a corresponding primary duty of the defendant, and (3) a wrongful act by the defendant constituting a breach of that duty. (*Ibid.*) The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action. (*Ibid.*) Under this theory, the cause of action is based on the harm suffered, not the legal theory asserted or relief sought. (*Howitson v. Evans Hotels, LLC* (2022) 81 Cal.App.5th 475, 487.)

"Res judicata bars the litigation not only of issues that were actually litigated in the prior proceeding, but also issues that *could have been* litigated in that proceeding." (*Franceschi v. Franchise Tax Bd.* (2016) 1 Cal.App.5th 247, 257 (*Franceschi*).) This prevents " 'piecemeal litigation' " by splitting a single cause of action or relitigating the same cause of action on a different legal theory or for different relief. (*Mycogen*, at p. 897.) "Although res judicata is usually applied to judicial decisions, a prior judgment confirming an arbitration award may also bar a subsequent lawsuit based on the same

12

cause of action. [Citations.]" (*Bucur v. Ahmad* (2016) 244 Cal.App.4th 175, 185.)

Res judicata applies " 'only if (1) the decision in the prior proceeding is final and on the merits; (2) the present action is on the same cause of action as the prior proceeding; and (3) the parties in the present action or parties in privity with them were parties to the prior proceeding.' [Citation.]" (*Franceschi, supra,* 1 Cal.App.5th at p. 257.) Memula focuses on the second requirement, arguing both that the first judgment entitled Memula to seek additional damages in a second lawsuit (rather than a post-judgment motion in the prior action), and that the second cause of action is not the same as the prior proceeding.

We disagree on both points. The first judgment specified in unambiguous terms that Memula was entitled to recover additional damages for lost wages "from September 13, 2013 through the date this judgment is signed and filed," that he could do so by "mov[ing] this Court for an order amending this Judgment[,]" and that the amount "shall be determined by noticed motion[.]" As noted, this provision was included in the first judgment at Memula's own request because the arbitrator had awarded Memula "50% of net professional collections from the 3rd year [of employment] and upward." The damages were thus litigated; Memula prevailed on his claim of entitlement to recovery of those damages; and the judgment specified that the amount would be determined by way of a post-judgment motion. Contrary to what Memula argues, the plain language of the provision his own counsel drafted created a right to recover these damages and prescribed the

precise manner in which he could have them quantified and recover them *in the prior action*.[2]

Yet Memula did not pursue the path of his own creation. Instead, in September 2016, he filed an acknowledgement of full satisfaction of judgment in the amount of $679,209.27 without ever moving for post-arbitration damages. Absent evidence that he was compelled to do so, or that another exception applies, once Memula accepted payment and filed a complete satisfaction, he could no longer claim he was entitled to additional damages for a violation of the same primary right. (Cf. *Mathys v. Turner* (1956) 46 Cal.2d 364, 366 ["Plaintiff's acts in accepting payment and then executing and authorizing the filing of a complete satisfaction constituted a waiver of the right to appeal."]; see also *Trollope v. Jeffries* (1976) 55 Cal.App.3d 816, 824 ["since arbitration is for the benefit of both parties, it would be incongruous to hold that a party can accept the award and the payment thereunder and then attack the award on appeal."].)

---

[2] We note that the first judgment also had a separate provision with a nearly identical mechanism for recovering attorney fees:

> "By Memorandum of Costs and Notice of Motion, Plaintiff may move this Court for such other attorney fees and costs incurred from April 24, 2015 through the date of this judgment. On determination of the amount of any additional attorney fees and costs, this Judgement [*sic*] will be amended to add those allowable attorney fees and costs."

In July 2016, Memula's counsel filed a "Memorandum of Costs After Judgment" with a request for a writ of execution, presumably to recover additional attorney fees or costs. Memula is not challenging the propriety of that similarly worded provision here, and his argument that the trial court misinterpreted the post-arbitration damages provision is undercut by the fact that his own attorneys made use of a similar mechanism to seek attorney fees.

14

Memula contends that his second suit is not the same cause of action as the first because the second suit seeks damages that did not exist at the time the arbitrator made his ruling. But they did exist by the time of the judgment, and Memula himself requested that they be awarded in the judgment. Memula's own brief acknowledges that he "filed the Second Action to recover those damages to which he was entitled under the [employment contract], *as provided for by the First Judgment*" and that "[h]is claim for the additional damages was based on the [employment contract] as interpreted by the Arbitrator and were limited to those additional damages which became due after the date of the Arbitrator's Ruling." (Italics added.) In other words, Memula's second action sought recovery of the same additional damages that the judgment in the first action allowed him to recover by post-judgment motion for his contractual share of net profits from September 13, 2013 through May 16, 2016. And the excluded evidence of these damages concerned a breach of the same provision of the same employment contract at issue in the first action. Thus, Memula is asserting a violation of the same primary right and seeking the same contract damages he sought in the first action.

As noted, res judicata bars relitigation of issues that were either actually litigated or *could have been* litigated in that earlier proceeding. (*Franceschi*, *supra*, 1 Cal.App.5th at p. 257; see *Mycogen*, *supra*, 28 Cal.4th at p. 907, quoting *McFaddin v. H. S. Crocker Co.* (1963) 219 Cal.App.2d 585, 589 [res judicata "is generally applicable with respect to the subsequent litigation even though the plaintiff was not aware of the particular elements of damage therein sought to be recovered at the time of the pendency of the prior action."].) The Supreme Court in *Mycogen* stated that a party "is bound to prove in the first action not only such damage as has been actually suffered,

15

but also such prospective damage by reason of the breach as he may be legally entitled to, for the judgment he recovers in such action will be a *conclusive adjudication as to the total damage on account of the breach.*" (*Mycogen*, at p. 907, citing *Abbott v. The 76 Land & Water Co.* (1911) 161 Cal. 42, 48.) Here, Memula already obtained an award entitling him to the post-arbitration, pre-judgment breach of contract damages he now seeks in this successive action. The fact that Memula did not take the simple procedural step required to monetize and collect on the court's award in the prior action does not diminish its preclusive effect. (See, e.g., *Tensor Group v. City of Glendale* (1993) 14 Cal.App.4th 154, 160–161 [res judicata barred inverse condemnation claim seeking the same damages as alleged in a prior action even though plaintiff "opted to forego pursuit of these damages in the earlier action"].)

We therefore conclude that the trial court correctly ruled res judicata bars Memula from recovering his post-arbitration, pre-judgment damages incurred between September 2013 and May 2016.

## DISPOSITION

The judgment in favor of Mojave is affirmed.  Mojave shall recover its costs on appeal.

BUCHANAN, J.

WE CONCUR:

McCONNELL, P. J.

DO, J.